UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WENDELL DWAYNE O'NEAL,
5575 SIMMONS STREET 211,
LAS VEGAS, NEVADA 89013,

        Plaintiff(s),

v.

EMPIRE FIRE AND MARINE INS. CO., et al.,

        Defendant(s).

Case No. 2:16-CV-2313 JCM (CWH)

ORDER

    Presently before the court is defendants' Empire Fire and Marine Insurance Company, Zurich Insurance Company, Inc., Matthew Wolf, Tricia Green, Anthony Adams, Rudy Rudershausen, Cisneros & Marias, Janet C. Pancoast, Roadrunner Rentals, Inc., Carol Millaud, David, Cymbalista Boaz, and Jamie Santos (collectively "defendants") motion to dismiss. (ECF No. 88). Plaintiff filed a response (ECF No. 93), to which defendants replied (ECF No. 106).

    Also before the court is plaintiff's motion for "removal of state court injunctive relief" (ECF No. 35). Defendants have not filed a response, and the time to do so has since passed.

    Also before the court is plaintiff's motion for sanctions (ECF No. 40). Defendants have not filed a response, and the time to do so has since passed.

    Also before the court is plaintiff's motion to amend his third amended complaint (ECF No. 52). Defendants have not filed a response, and the time to do so has since passed.

    Also before the court is plaintiff's motion to amend his fourth amended complaint (ECF No. 64). Defendants have not filed a response, and the time to do so has since passed.

    Also before the court is plaintiff's motion for default judgment (ECF No. 82). Defendants have not filed a response, and the time to do so has since passed.

**James C. Mahan**
**U.S. District Judge**

Also before the court is plaintiff's motion for summary judgment (ECF No. 99). Defendants have not filed a response, and the time to do so has since passed.

Also before the court is defendant's motion to withdraw notice (ECF No. 110). Plaintiff filed a response (ECF No. 118),[1] to which defendant replied (ECF No. 121).

Also before the court is plaintiff's amended motion to strike (ECF No. 118). Defendants filed a response (ECF No. 121), to which plaintiff replied (ECF No. 122).

Also before the court is plaintiff's motion to expedite (ECF No. 125). Defendants have not filed a response, and the time to do so has since passed.

Also before the court is plaintiff's motion for leave to voluntarily dismiss plaintiff's fourth amended complaint (ECF No. 151). Defendants have not filed a response, and the time to do so has since passed.

Also before the court is defendants' motion for protective order (ECF No. 142). Plaintiff filed a response (ECF No. 144), and the time to reply has passed.

Also before the court is defendants' attorney's motion to withdraw as attorney (ECF No. 143). Plaintiff filed a response (ECF No. 145), to which defendants replied (ECF No. 150).

**I.　Facts**

Plaintiff's fourth amended complaint, which is filed *pro se* and includes pages upon pages of irrelevant information, is impossible to understand or follow. The following provides the best possible description of what plaintiff alleges occurred.

On May 10, 2016, Calvin Richey, who is not a party to this action, leased a 2011 Chevrolet Aveo from defendant Boaz. (ECF No. 51 at 34). Tamarcus Brown, who is not a party to the action, drove the leased motor vehicle from the lot despite not having a valid license or car insurance. *Id.* at 35. On May 10, 2016, Brown was involved in a motor vehicle accident while operating the Aveo. *Id.* at 36. Thereafter, Richey, Brown, and non-party Atkins employed plaintiff to investigate claims arising out of the motor vehicle accident. *Id.* at 37. Defendants denied the claims of these third-parties. *Id.* at 1–64.

---

[1] Plaintiff's response is styled as a motion to strike. As plaintiff is proceeding *pro se*, the court construes plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

Plaintiff filed parallel actions in federal and state court, essentially alleging that defendants improperly denied insurance claims that plaintiff submitted on behalf of non-parties.[2] On April 14, 2017, the Eighth Judicial District Court of Nevada granted summary judgment in favor of defendants on plaintiff's claims, holding that plaintiff lacks standing as plaintiff "suffered no injury or damages in the underlying accident." (ECF No. 88 at 73).

**II.    Legal Standard**

   *i.    Standing*

Article III of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." U.S. Const. Art. III, § 2. An element of the case or controversy requirement is that a litigant must demonstrate standing to sue. *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013). To show standing, a plaintiff must assert: (1) an injury-in-fact, which is concrete, particularized, actual, and imminent; (2) that the injury is fairly traceable to defendant's conduct; and (3) redressability. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). The burden to demonstrate standing falls on the party invoking jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

   *ii.    Failure to state a claim upon which relief may be granted*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Plaintiff's complaint "contains" six causes of action and numerous allegations. However, as defendants note, plaintiff's complaint simply makes no sense. The writing is incoherent. Thus, the court will not endeavor to meticulously define each of plaintiff's causes of action, most of which on their face do not even resemble cognizable legal claims.

James C. Mahan
U.S. District Judge

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### i. Defendants' motion to dismiss

Defendants' motion to dismiss is premised on three legal theories: (1) res judicata; (2) collateral estoppel; and (3) plaintiff's lack of standing to pursue his claims. Plaintiff filed a document with this court that is titled a response to defendants' motion, but it does not contain any legal or factual argument that is relevant to defendants' motion.

James C. Mahan
U.S. District Judge

- 4 -

The court will grant defendants' motion to dismiss. As defendants accurately discuss in their reply, (ECF No. 106), plaintiff's response to defendant's motion to dismiss (ECF No. 93) is impossible to understand, and does not provide the court with a memorandum of points and authorities in opposition to defendants' motion.[3] Therefore, pursuant to LR 7-2(d), plaintiff's failure constitutes a consent to granting of the motion.

Further, as defendants' motion notes, plaintiff lacks standing to bring his claims. Plaintiff's complaint and filings, although difficult to parse, mention primarily potential causes of action against defendants that could be asserted by third parties. Thus, even if defendant's jumbled mess of filings could make out a cause of action, defendant would not have standing to pursue the claims.[4] *See Lujan*, 504 U.S. at 560–61. This court therefore cannot exert jurisdiction over the action. *See id.*

To the extent that plaintiff's complaint attempts to allege intentional infliction of emotional distress, the complaint does not state a plausible claim for relief. In Nevada, in order to state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme or outrageous conduct by defendant with either the intent to cause emotional distress in plaintiff (or reckless disregard thereof); (2) that plaintiff suffered severe or extreme emotional distress; and (3) that the emotional distress was actual or proximate result of defendant's conduct. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378 (1999).

Here, plaintiff has not alleged facts that would support an intentional infliction of emotional distress claim. Plaintiff alleges that defendant failed to pay insurance claims to third parties. This conduct is not extreme or outrageous, and further plaintiff's complaint does not contain plausible allegations that he suffered severe emotional distress from such failure.

---

[3] Plaintiff also filed two additional documents titled "Memorandum for Order Denying Defendant Summary Judgment Motion," and "Reply Opposing Defendants Summary Judgment Motion and Plaintiff Counter Pleading Affidavit." (ECF Nos. 102, 103). These motions are similarly impossible to comprehend, and do not discuss defendants' arguments raised in their motion to dismiss.

[4] The lone exception is intentional infliction of emotional distress, which is discussed below.

Further, plaintiff asserts that he suffered emotional distress from the "ordeal of contact by Nevada Police regarding Grandson's involvement in the [motor vehicle accident] and witnessing Grand-Daughter complaining of headaches and physical pain after the [motor vehicle accident]." (ECF No. 51 at 59). These injuries, which are not traceable to defendant's conduct, do not support a claim for intentional infliction of emotional distress.

Plaintiff has not alleged extreme or outrageous conduct, severe or extreme emotional distress, or a link between defendant's conduct and plaintiff's emotional distress. Therefore, plaintiff's cause of action for intentional infliction of emotional distress will be dismissed. *See Twombly*, 550 U.S. at 570.

Plaintiff has amended his complaint four times in order in attempts to comply with the court's screening order (ECF No. 25) and with defects in his complaint that the court and defendants' have raised during the course of litigation. All of these amendments have proven futile. Given that plaintiff is largely attempting to assert the rights of third persons, and that defendant's conduct, even when construed in a light most favorable to the plaintiff, cannot support a claim for intentional infliction of emotional distress, the complaint cannot be amended to state a viable cause of action. The court will thus dismiss plaintiff's complaint with prejudice.

*ii. Plaintiff's and defendants' other filings*

Plaintiff lacks standing to raise many of the claims alleged in plaintiff's complaint. Further, plaintiff's claim for intentional infliction of emotional distress fails to state a claim upon which relief can be granted. The court must therefore dismiss the case. The court will accordingly deny all of plaintiff's and defendants' other outstanding motions, as they are now moot.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 88) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's fourth amended complaint (ECF No. 51) be, and the same hereby is, DISMISSED with prejudice.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that plaintiff's motion for motion for state court injunctive relief (ECF No. 35), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (ECF No. 40) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to amend his third amended complaint (ECF No. 52) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to amend his fourth amended complaint (ECF No. 64) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (ECF No. 82) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 99) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to withdraw notice (ECF No. 110) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to amend his motion to strike (ECF No. 118) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to expedite (ECF No. 125) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file (ECF No. 151) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion for protective order (ECF No. 142) be, and the same hereby is, DENIED as moot

IT IS FURTHER ORDERED that defendants' motion to withdraw as attorney (ECF No. 143) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED October 13, 2017.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**