UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WENDELL DWAYNE O'NEAL,<br><br>Plaintiff(s),<br><br>v.<br><br>EMPIRE FIRE & MARINE INSURANCE COMPANY, INC., et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2313 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Wendell Dwayne O'Neal's motion to set aside this court's order on plaintiff's motion for reconsideration. (ECF No. 165). Defendants Empire Fire and Marine Insurance Co., Zurich Insurance Company, Inc., California Roadrunner Rentals, Inc., Cisneros & Marias Esq., David (LNU), Anthony Adams, Cymbalista Boaz, Tricia Green, Carol Millaud, Janet Pancoast, Ruder Ruderhausen, Jaime Santos, and Matthew Wolf (collectively, defendants) have not filed a response, and the time for doing so has since passed

Also before the court is defendants' motion to designate plaintiff a vexatious litigant. (ECF No. 168). Plaintiff filed a response (ECF No. 169), to which defendants replied (ECF No. 171).

Also before the court is plaintiff's *ex parte* "motion for indicative ruling" regarding a memorandum plaintiff filed in support of his motion to set aside. (ECF No. 172).

**I.     Background and discussion**

    *a. Plaintiff's motion to set aside*

On October 13, 2017, the court granted defendants' motion to dismiss, thereby dismissing plaintiff's fourth amended complaint. (ECF No. 154). On December 19, 2017, the court denied plaintiff's motion to reconsider the court's order granting defendants' motion to dismiss. (ECF

**James C. Mahan**
**U.S. District Judge**

No. 163). Plaintiff now requests the court set aside its order denying plaintiff's motion for reconsideration. (ECF No. 165).

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

As defendants note, plaintiff's current motion effectively asks the court to reconsider the court's order denying plaintiff's original motion to reconsider. Plaintiff's current motion does not demonstrate any legal or factual grounds for this court to reconsider its ruling on the original motion or its ruling on the motion to reconsider. Accordingly, the court will deny plaintiff's motion.

  b. *Defendants' motion to designate plaintiff a vexatious litigant*

Defendants request that this court designate plaintiff a vexatious litigant. (ECF No. 168). Defendants note that plaintiff has brought 108 cases in federal district courts, courts of appeals, and county courts as a *pro se* litigant. *Id.* "All of those filings were dismissed[,] with some dismissed by the court acting *sua sponte*." *Id.* On April 19, 2017, the Eighth Judicial District Court of Nevada designated plaintiff a vexatious litigant. *Id.*; *see* (ECF No. 168-1).

  i. Legal standard

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

**James C. Mahan**
**U.S. District Judge**

Flagrant abuse of the judicial process cannot be tolerated because it "enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See Molski*, 500 F.3d at 1057 (quoting *DeLong*, 912 F.2d at 1148). Vexatious litigant orders, however, are an extreme remedy, and should rarely be entered. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *See Ringgold-Lockhart*, 761 F.3d at 1061 (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)). And restricting that access is a serious matter. *Id*. ("The First Amendment 'right of the people … to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" (quoting *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002))); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (comparing the profligate use of pre-filing orders to restrict the vexatious litigant's right of access to the courts to hanging a "Sword of Damocles … over his hopes for federal access for the foreseeable future.").

Out of regard for the constitutional underpinnings of this right, pre-filing orders should be filed only if district courts comply with certain procedural and substantive requirements. *See De Long*, 912 F.2d at 1147. When district courts seek to declare a litigant vexatious and impose pre-filing restrictions, they must: (1) provide litigants with notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *See Ringgold-Lockhart*, 761 F.3d at 1062 (citing *De Long*, 912 F.2d at 1147-48).

The first two factors, providing litigants with adequate notice and an opportunity to be heard and compiling an adequate record for appellate review, are procedural requirements. *Id*. (citing *Molski*, 500 F.3d at 1058); *Pac. Harbor Capitol Inc. v. Carnival Airlines, Inc*., 210 F.3d

1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue … [t]he opportunity to brief the issue fully satisfies due process requirements"). To the contrary, the "latter two factors … are substantive considerations … [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id*. In "applying the two substantive factors," to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate," the Ninth Circuit has held that a separate set of considerations provides "a helpful framework," including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*

Ultimately, in deciding whether or not to restrict a litigant's access to the courts, the question the court must answer is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *See Molski*, 500 F.3d at 1058 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986)).

*ii. Discussion*

This case is another example of plaintiff frivolously attempting to represent the interests of third parties as a *pro se* litigant. After the Eighth Judicial District Court declared plaintiff a vexatious litigant, he turned to federal court to continue pursuing baseless claims. In this case, he has filed numerous frivolous motions that have unnecessarily delayed the proceedings. Further, defendants' motion lists numerous frivolous lawsuits filed by plaintiff in this court and others, with examples of duplicative lawsuits based on the same factual allegations. See (ECF No. 168 at 3, 8-10).

The court has provided plaintiff an opportunity to be heard via plaintiff's responsive filings, and holds that plaintiff is likely to continue to abuse the judicial process. *See Molski*, 500 F.3d at

1058. The court will grant defendants' motion, and will designate plaintiff as a vexatious litigant pursuant to 28 U.S.C. § 1651(a).

**II.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to set aside (ECF No. 165) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to designate plaintiff a vexatious litigant (ECF No. 168) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's "motion for indicative ruling" (ECF No. 172) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff is deemed a vexatious litigant under 28 U.S.C. § 1651(a), and he is **ENJOINED and PROHIBITED** from filing any new complaint, petition, or other action in this court without first obtaining leave from the chief judge of this court. The clerk of court is authorized to reject, refuse to file, and discard any new complaint, petition, or other new action in violation of this order.

DATED April 4, 2018.

_____
UNITED STATES DISTRICT JUDGE